UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JOSEPH M. BEASON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:14-cv-01983-KOB-HGD |
| | ) |
| CARTER DAVENPORT, Warden, | ) |
| and THE ATTORNEY GENERAL | ) |
| OF THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION**

On November 26, 2014, the magistrate judge entered his report and recommendation and gave the parties fourteen days in which to file objections to his recommendations. (Doc. 7).  After obtaining an extension of time (doc. 9), petitioner filed objections to the magistrate judge's report and recommendation on December 30, 2014 (doc. 10).

In his objections, petitioner avers that his lack of literacy, knowledge or skill in legal matters and his dependence on inmate assistance to prepare his habeas corpus petition should entitle him to equitable tolling of the limitation period for filing his federal habeas corpus petition.  (Doc. 10).  Unfortunately for the petitioner, the law is well settled that an inmate's *pro se* status or lack of legal knowledge does not

constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *See Rich v. Dep't of Corrs.*, 317 Fed. Appx. 881, 883 (11th Cir. 2008) (finding *pro se* status and lack of understanding of legal process is not extraordinary circumstance); *Helton v. Sec'y Dep't of Corrs.*, 259 F.3d 1310 (11th Cir. 2001) (finding that petitioner's misunderstanding of the law does not constitute extraordinary circumstances); *Wakefield v. Railroad Ret. Bd.*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling"); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for 15 days entitled petitioner to equitable tolling of limitations period).

After careful consideration of the record in this case and the magistrate judge's report and recommendation and the petitioner's objections, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge that the petition for writ of habeas corpus be dismissed as time-barred.

Pursuant to Rule 11 of the *Rules Governing § 2254 Cases*, the court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability (COA). *See* 28 U.S.C. § 2253. Rule 22(b), Fed. R. App. P., provides

that in a § 2254 habeas corpus proceeding, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." A petitioner can establish this showing by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

The court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. For the reasons stated in the magistrate judge's report and recommendation, the Court DECLINES to issue a COA with respect to any claims.

The court will enter contemporaneously a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 6th day of January, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE